IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02702-GPG

EDDIE L. SIMON, JR.,

    Plaintiff,

v.

BARRY GOODRICH, Warden,
ANGIE TURNER, Health Care Administer, and
HEATHER PIKULA,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Eddie L. Simon, Jr., is a prisoner at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Simon has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. He seeks damages as well as declaratory and injunctive relief.

    The court must construe the complaint liberally because Mr. Simon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Simon will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    Mr. Simon first claims he has been discriminated against because of his race. The court construes the first claim as a Fourteenth Amendment equal protection claim. Mr. Simon alleges in support of his first claim that he is African-American and that his

requests for bathroom access during medical appointments have been denied even though white and Hispanic inmates are allowed to use the bathroom during medical appointments. Mr. Simon similarly alleges in support of his second claim that his requests to use the bathroom during medical appointments have been denied, although he asserts the second claim as an Eighth Amendment claim. Mr. Simon contends in his third and final claim that he has been denied medically necessary diabetic shoes. Construing the Prisoner Complaint liberally, he apparently asserts claim three as both an Eighth Amendment claim and as a Fourteenth Amendment equal protection claim premised on racial discrimination.

The Prisoner Complaint is deficient because Mr. Simon fails to allege specific facts in support of his claims that demonstrate he is entitled to relief. In particular, he fails to allege specific facts that demonstrate each Defendant personally participated in the asserted constitutional violations. It also is not clear which claims, if any, he is asserting against Warden Goodrich.

In order to state an arguable equal protection claim Mr. Simon must allege facts that demonstrate he intentionally was treated differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). "Equal protection of the laws doesn't guarantee equal results for all." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted). Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *Id.*

(internal quotation marks omitted). Mr. Simon fails to allege specific facts that demonstrate Defendants treated him differently than similarly situated inmate because of his race.

In order to state an arguable Eighth Amendment claim Mr. Simon must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). To the extent Mr. Simon's Eighth Amendment claims are premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193. "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted). Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Mr. Simon is advised that, in order to state a claim in federal court, "a complaint

must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

The court emphasizes that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). To the extent a particular Defendant merely denied a grievance,

that fact alone is not sufficient to demonstrate personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation"). Accordingly, it is

ORDERED that Mr. Simon file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Simon shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Simon fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 16, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge
　　　　　　　　　　　　　　　Judge