IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02702-GPG

EDDIE L. SIMON, JR.,

    Plaintiff,

v.

BARRY GOODRICH, Warden,
ANGIE TURNER, H.S.A., and
HEATHER PIKULA, Diabetic Nurse,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Eddie L. Simon, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Simon initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On December 16, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Simon to file an amended complaint that clarifies the constitutional claims he is asserting and what each Defendant did that allegedly violated his rights. On January 11, 2016, Mr. Simon filed an amended Prisoner Complaint (ECF No. 7).

    Pursuant to 28 U.S.C. § 1915A, the Court must review the amended Prisoner Complaint because Mr. Simon is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended Prisoner Complaint liberally because Mr. Simon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Simon asserts two equal protection claims alleging he is denied access to a bathroom in the medical department because he is black and diabetic. He contends in claim one that inmates who are white and Hispanic are allowed to use the bathroom in the medical department. He contends in claim two that inmates who are not diabetic are allowed to use the bathroom in the medical department. Mr. Simon also asserts a third claim alleging he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment because he has been denied medically necessary shoes and adequate foot care. He also contends in claim three that he has been denied equal protection because non-black inmates have been provided medical shoes without any delays.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A

defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Simon alleges in support of all three claims that his rights were violated by Defendants Angie Turner and Heather Pikula.  He does not allege any facts that demonstrate Defendant Barry Goodrich, the warden of the Bent County Correctional Facility, personally participated in the asserted constitutional violations.  Instead, Mr. Simon seeks to hold Warden Goodrich liable because Warden Goodrich "is legally responsible for all department operations and decisions of his staff."  (ECF No. 7 at 5.) This allegation is not sufficient to establish liability in a § 1983 action.  *See Schneider*, 717 F.3d at 767-69.  Therefore, the constitutional claims against Warden Goodrich will be dismissed as legally frivolous.

The Court will not address at this time the merits of the constitutional claims against Defendants Turner and Pikula.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the constitutional claims against Defendant Barry Goodrich are

dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b) and Defendant Barry Goodrich is dismissed as a party to this action.   It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  3rd  day of    February         , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court